THE STATE, EX REL. ROBERT P. WILLSON, RECEIVER, &c.,
v. GEORGE B. SWAIN, STATE TREASURER.

1. By virtue of the provision of the amendment to the General Railroad law, passed March 4th, 1879 (*Gen. Stat.*, p. 2649, ¿ 46), it is the duty of the state treasurer to repay to the directors or treasurer of a railroad company the moneys deposited by it with him in compliance with said act, in sums of $2,000 for each mile of railroad constructed, upon proof to his satisfaction that at least that sum has been expended upon such construction; and the fact that other persons claim a right to or an interest in the moneys so deposited with him will not excuse him from the performance of such duty.

2. The duty of making such payment being purely ministerial in character, relief by *mandamus* will be granted upon the failure of the state treasurer to perform it.

---

Application for *mandamus*.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the relator, *Samuel K. Robbins.*

For the respondent, *Edward Ambler Armstrong.*

The opinion of the court was delivered by

GUMMERE, J.   The Tuckahoe and Cape May Railway Company, of which the relator is receiver, deposited with the state treasurer, in February, 1890, the sum of $50,000, under the provisions of the General Railroad law, as amended by the act of March 4th, 1879 (*Gen. Stat., p.* 2649, § 46), being at the rate of $2,000 per mile for each mile of the road proposed to be constructed by said company.   At different times during the year 1890 the state treasurer refunded to the company the sum of $38,000, pursuant to the provisions of the act, leaving unpaid the sum of $12,000 which still remains deposited with him.

The relator was appointed receiver of the Tuckahoe and Cape May Railway Company, and, by virtue of his appointment, became vested with all that company's interest in and right to the portion of the fund still remaining on deposit with the state treasurer.   The statute above referred to provides that the money deposited in pursuance of the direction contained therein shall be repaid by the state treasurer " to the directors of the company, or to the treasurer thereof, in sums of $2,000 for each mile of railroad upon which it shall be proved, to his satisfaction, that the said company have expended at least the sum of $2,000 ;" and it appears in the case that enough of the company's road has been completed, and a sufficient sum per mile expended thereon, to entitle the company to have repaid to it the $12,000 still remaining with the state treasurer, and that this has been proved to his satisfaction.   He, however, refuses to pay over to the relator the amount of money remaining on deposit with him, because he has been notified by the New Jersey Trust and Safe Deposit

Company that they claim that said fund was assigned to them by the railroad company.

The duty which the state treasurer is required to perform, with relation to funds deposited with him in compliance with the requirement of the General Railroad act, is fixed by the statute itself. The legislature wisely refrained from requiring him to pass upon conflicting claims to the fund, which might be made by creditors of the company or others, and left him no discretion with regard to its payment. He is to repay the deposit *to the directors of the company or to its treasurer*, in sums of $2,000 for each mile of road constructed, upon proof to his satisfaction that at least that sum has been expended in such construction. When such expenditure has been satisfactorily proved to him, he has nothing to do except to refund the money to the company as directed by the act. The duty imposed upon him in this regard is purely ministerial in character, and upon his failure to perform it relief by *mandamus* will be granted. *Lindabury* v. *Freeholders*, 18 *Vroom* 417, 428; *Kendall* v. *United States*, 12 *Pet.* 524; *King* v. *Lords Commissioners of the Treasury*, 4 *Ad. & E.* 286.

The relator, by virtue of his appointment as receiver, became entitled to demand, sue for, collect, receive and take into his possession all the property of the Tuckahoe and Cape May Railway Company. *Gen. Stat*, *p.* 921, § 73. He stands in the shoes of the company, and is entitled to the same remedies for reducing the company's assets into possession which the company itself would have had if a receiver had not been appointed. His application for the writ will, therefore, be allowed and a peremptory *mandamus* issued commanding the payment to him of the balance, remaining in the hands of the state treasurer, of the fund deposited with him by the insolvent corporation.